## THE PEOPLE *v.* COLÓN.

### APPEAL from the District Court of Ponce.

No. 154.—Decided February 16, 1909.

PENAL LAW—AGGRAVATED ASSAULT AND BATTERY—SUFFICIENCY OF THE CHARGE—
JUDGMENT IN ACCORD WITH THE CRIME CHARGED.—When the charge states
facts constituting the crime of aggravated assault and battery, without em-
ploying the word ''aggravated'' it is not necessary that the judgment states
the fact that the assault and battery was aggravated, and the judgment must
be considered as in accord with the charge.

ID.—LACK OF STATEMENT OF THE CASE—PRESUMPTION THAT THE JUDGMENT IS IN
ACCORD WITH THE EVIDENCE.—In accordance with the foreg)ing doctrine, this
tribunal, not being in a position to consider the evidence for lack of a state-
ment of the case, it is presumed that the evidence adduced at the trial showed
the existence of the offense of aggravated assault and battery.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the municipal court of the town of Barros, Carmelo Me-
léndez filed a sworn complaint against Teclo Colón, charging
him with the crime of assault and battery, committed as
follows:

On July 11, 1908, in ''Bauta Abajo'' ward, within the mu-
nicipal district of said town, while the complainant was in the
house of his father, Luis María Meléndez, where several per-
sons had assembled on the occasion of a musical entertainment,
the accused had assaulted said complainant, Meléndez, and
injured one of his ears with a razor.

Judgment having been rendered by said municipal court,
Teclo Colón appealed therefrom to the District Court for the
Judicial District of Ponce, which, after holding a new trial,
convicted him of assault and battery with the commission of
which crime he had been charged, and by judgment rendered
on October 8, 1908, he was accordingly sentenced to six months
imprisonment in jail. From this judgment Colón took an
appeal to this Supreme Court.

No bill of exceptions or statement of facts has been filed with the record, nor has the appellant made any written or oral argument in support of the appeal.

Upon an examination of the complaint in connection with the judgment, attention might be drawn to the fact that the appellant has been sentenced to a penalty corresponding to aggravated assault and battery, although he had been accused and convicted only of assault and battery, without expressly mentioning any qualifying circumstances. But we agree with the *fiscal* that such an omission in the complaint and in the judgment does not divest the imputed offense of the character of an aggravated assault and battery, for the act described in the complaint, should be so designated, agreeably to paragraphs two and eight of section six, of the act defining that crime, approved March 10, 1904. Such being the case, the sentence is perfectly in accord with the provisions of section eight of aforesaid act.

In support of this we may invoke the opinion delivered by this court in the case of *Manuel Vilches et al.* v. *The People of Porto Rico*, decided March 14, 1907 (12 P. R. Rep., 188), wherein through Mr. Justice Wolf, we said:

"Now as the complaint and the proof both show a case of aggravated assault and battery it was not necessary that the sentence should set forth the fact that the assault and battery was aggravated and the judgment must be presumed to follow the original complaint and proof submitted thereon."

In the present case we have no statement of facts showing the result of the evidence introduced at the trial; but as in the complaint acts constituting the offense of aggravated assault and battery are described, and in the judgment Teclo Colón was declared guilty of the crime *with which he was charged,* and moreover, he was sentenced to *six months imprisonment in jail,* a penalty corresponding to aggravated assault and battery, and not to simple assault and battery, we must infer that the evidence adduced at the trial showed the

existence of the offense of aggravated assault and battery in the absence of proof to the contrary.

However, we recommend as a good practice, that in similar cases the judgment should specify whether the offense whereon the accused stands convicted is a simple assault and battery or an aggravated assault and battery, for then it will not be necessary to refer to the complaint and the evidence, in order to form an opinion as to the propriety of the punishment imposed.

As no fundamental error appears in the record which invalidates the judgment, the same should be affirmed, with all the costs against the appellant.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.